UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BONK,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO MEDIA, LLC, et al.,<br><br>  Defendants. | No. 2:23-cv-02506-DC-JDP<br><br>ORDER APPROVING INDIVIDUAL FLSA SETTLEMENT, DISMISSING PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE, AND CLOSING THIS CASE<br><br>(Doc. No. 23) |

This matter is before the court on the parties' stipulation for court approval of their agreement to settle and dismiss with prejudice Plaintiff's individual claims brought under the Fair Labor Standards Act ("FLSA") and California wage and hour laws, and to dismiss with prejudice Plaintiff's putative FLSA collective and California class claims. (Doc. No. 23.) Pursuant to the parties' settlement agreement and Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff seeks dismissal of this action in its entirety with prejudice, and with the court retaining jurisdiction for the sole purpose of enforcing the settlement agreement. (*Id*. at 6.)

## BACKGROUND

On October 30, 2023, Plaintiff filed this putative FLSA collective and class action against her employer, Defendant Sacramento Media, LLC and its chief executive officer Defendant Stefan Wanczyk, alleging they terminated all employees on or about September 1, 2023, when

they ceased operations of their publication (the Sacramento Magazine), and they failed to timely pay final wages in violation of the FLSA and California Labor Code. (Doc. No. 1 at 2–4.)

Defendants filed answers to the complaint, and the parties proceeded to engage in extensive discovery. (Doc. Nos. 8, 17.) Though Plaintiff initiated this putative FLSA collective and class action, Plaintiff does not now seek to conditionally certify a collective or class and instead seeks to dismiss those claims because discovery established those claims are not viable. (*Id.* at 5–6.) Specifically, discovery established "[a]ll putative collective and class members (except allegedly Plaintiff) received their final wages by the next scheduled payday as required by FLSA" and "[t]hese employees also received severance payments exceeding any potential waiting time penalties under California law." (*Id.* at 6.)

Consequently, the parties reached a settlement of this action, and on November 20, 2025, filed a stipulation for approval of their settlement agreement. (Doc. No. 23.) Subject to the court's approval, the settlement agreement provides that this action will be dismissed in its entirety, with prejudice, and in consideration Defendant will pay a gross settlement amount of $15,000. (*Id.* at 3.) The gross settlement amount consists of: (1) $6,000 for Plaintiff's attorneys' fees (40% of the settlement amount as agreed upon in their retainer agreement); (2) $750 in litigation costs; and (3) $8,250 to Plaintiff for settling her individual claims. (*Id.* at 4.) In their stipulation, the parties explain why they believe this settlement is fair, reasonable, and adequate. (*Id.* at 3–6.)

**LEGAL STANDARD**

The purpose of the FLSA is to protect workers from substandard wages and oppressive working hours. *See Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Because an employee cannot waive claims under the FLSA, they may not be settled without supervision of either the Secretary of Labor or a district court. *See Barrentine*, 450 U.S. at 740; *Yue Zhou v. Wang's Rest.*, No. 05-cv-0279-PVT, 2007 WL 2298046, at *1, n.1 (N.D. Cal. Aug. 8, 2007). "In reviewing a private FLSA settlement, the court's obligation is not to act as caretaker but as gatekeeper; it must ensure that private FLSA settlements are appropriate given the FLSA's

purposes and that such settlements do not undermine the Act's purposes." *Goudie v. Cable Commc'ns, Inc.*, No. 08-cv-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009).

Because the Ninth Circuit has not established criteria for district courts to consider in determining whether an FLSA settlement should be approved, district courts in this circuit apply a widely used standard adopted by the Eleventh Circuit, which assesses whether the settlement is a fair and reasonable resolution of a bona fide dispute. *See Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982); *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016). "A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability." *Selk*, 159 F. Supp. 3d at 1172 (internal quotation marks and citation omitted). A court will not approve a settlement of an action in which there is certainty that the FLSA entitles plaintiffs to the compensation they seek, because it would shield employers from the full cost of complying with the statute. *Id.*

Further, because of the "unique importance of the substantive labor rights involved," courts in this circuit have also adopted a "totality of circumstances approach that emphasizes the context of the case." *Id.* at 1173. The "district court must ultimately be satisfied that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA." *Id.* Settlements that reflect a fair and reasonable compromise of issues that are actually in dispute may be approved to promote the efficiency of encouraging settlement of litigation. *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. 4:10-cv-05243-SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012).

**ANALYSIS**

**A.     Bona Fide Dispute**

Here, the parties have shown that a bona fide dispute exists regarding FLSA liability because this is not a situation in which there is certainty of FLSA violations and a compromise of the collective claims would frustrate the purposes of the statute. Rather, as noted above, the parties agree that through discovery, Plaintiff learned that her FLSA collective claims lack merit.

1  Specifically, "Plaintiff's counsel obtained and reviewed comprehensive payroll records, wage
2  statements, commission documentation, and records of all final wage and severance payments to
3  employees," and "[t]he parties engaged in meet-and-confer discussions regarding the merits of the
4  claims in light of the discovery results." (Doc. No. 23 at 4.) Thus, the court finds approval of the
5  parties' proposed settlement agreement would not thwart the purposes of the FLSA.
6      The court therefore proceeds to consider the fairness and reasonableness of the proposed
7  settlement.

8  **B.     The Proposed Settlement is Fair and Reasonable**

9      To determine whether an FLSA settlement is fair and reasonable, the court evaluates the
10  "totality of the circumstances" within the context of the purposes of the FLSA. *Slezak v. City of*
11  *Palo Alto*, No. 16-cv-03224-LHK, 2017 WL 2688224, at *3 (N.D. Cal. June 22, 2017). Courts
12  consider the following factors when determining whether a settlement is fair and reasonable under
13  the FLSA: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount
14  of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the
15  scope of any release provision in the settlement agreement; (5) the experience and views of
16  counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion.
17  *See Selk*, 159 F. Supp. 3d at 1173; *Slezak*, 2017 WL 2688224, at *3. In their stipulation, the
18  parties addressed each of these factors. (Doc. No. 4–5.)

19      1.     <u>Plaintiff's Range of Possible Recovery</u>

20      The parties agree that the settlement amount of $15,000 represents a favorable outcome
21  for Plaintiff considering discovery revealed the weaknesses in her claims. (Doc. No. 23 at 4.)
22  Moreover, "the maximum potential FLSA recovery for unpaid wages and commissions, including
23  liquidated damages, would be difficult to establish given Defendants' documentation showing
24  timely payment practices and commission calculations." (*Id.*) Thus, the parties agree that the
25  $15,000 amount "reflects a nuisance value plus" given that Plaintiff raises fair issues, including
26  that Defendants' documentation of payments was not "in the eyes of Plaintiff's counsel, [] a
27  model of financial clarity." (*Id.*) Therefore, Plaintiff's counsel expressed his belief that "some
28  payment is warranted, but there is enough uncertainty that a prudent party should not overreach."

4

(*Id.*) Having considered the parties' representations, the court finds consideration of this factor weighs in favor of approving the settlement agreement.

### 2. The Stage of the Proceedings and the Amount of Discovery Completed

The court is also required to evaluate the stage of the proceedings and the amount of discovery completed to ensure that "the parties carefully investigated the claims before reaching a resolution." *Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2014). This factor will weigh in favor of approval if the parties have sufficient information to make an informed decision regarding settlement. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

As noted above, the parties have engaged in substantial discovery and met and conferred on the impact of the produced documentation. The court finds the parties have shown they have sufficient information to make an informed decision regarding settlement. Thus, consideration of this factor likewise weighs in favor of approving the settlement agreement.

### 3. The Seriousness of the Litigation Risks Faced by the Parties

Courts favor settlement where "there is a significant risk that litigation might result in a lesser recover[y] for the class or no recovery at all." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 255 (N.D. Cal. 2015)

Here, the parties have explained that discovery revealed significant risk to Plaintiff, given that Defendants provided documentation showing payments were made to employees in compliance with the FLSA and California Labor Code. (Doc. No. 23 at 4–5.) Accordingly, because there is substantial risk that Plaintiff would not prevail on her claims at trial, consideration of this factor weighs in favor of approval of the parties' settlement.

### 4. The Scope of Any Release Provision in the Settlement Agreement

"A FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit itself." *Slezak*, 2017 WL 2688224, at *5.

Here, the release in the parties' settlement agreement is limited to Plaintiff's individual claims against Defendants. The parties emphasize that "[n]o other employees are affected by this settlement," and "[t]he collective and class claims are being dismissed based on their lack of merit, not as part of the settlement consideration." (Doc. No. 23 at 5.) Consideration of this factor

therefore weighs in favor of approving the settlement as well.

        5.      <u>The Experience and Views of Counsel and the Opinion of Plaintiff</u>

In determining whether a settlement is fair and reasonable, "[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases." *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531, *5 (N.D. Cal. July 11, 2014).

Here, Plaintiff's counsel has substantial experience in employment litigation, "including FLSA collective actions and wage and hour class actions," and he "strongly recommended this settlement as being in Plaintiff's best interest given the litigation risks." (Doc. No. 23 at 5.) In addition, Plaintiff agreed to the settlement after consultation with her counsel. (*Id.*) Accordingly, consideration of this factor also weighs in favor of approval of the settlement.

        6.      <u>The Possibility of Fraud or Collusion</u>

Here, the court finds that there is a low probability of fraud or collusion. There is nothing in the record to suggest plaintiff's counsel "allowed the pursuit of their own self-interests . . . to infect the negotiation." *In re Bluetooth Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). The payment for attorneys' fees is allocated pursuant to Plaintiff's retainer agreement. As such, this settlement lacks any evidence of more "subtle signs" of collusion, such as, for example, when counsel receive a disproportionate distribution of the settlement. *Id.* at 947.

In sum, considering the totality of the circumstances, the court finds that the proposed settlement is fair and reasonable.

**C.**    **Attorneys' Fees and Costs**

Because FLSA settlements require court approval, payment of attorneys' fees from settlement proceeds is also subject to review by the court. *See Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1104–05 (9th Cir. 2014) (reviewing an award of attorneys' fees under the FLSA); *Dunn*, 2016 WL 153266, at *9 (N.D. Cal. Jan. 13, 2016) ("The Court retains the authority to determine what fees are reasonable [in an FLSA settlement].").

Here, in light of Plaintiff's counsel's retainer agreement providing for 40 percent of the settlement amount to be awarded in attorneys' fees, and the reasonableness of the amount

allocated for litigation costs ($850), the court finds the amount for attorneys' fees and costs provided in the settlement agreement is fair and reasonable under these circumstances.

## CONCLUSION

For the reasons stated above:

1. The parties' joint request for court approval of the parties' settlement agreement (Doc. No. 23) is GRANTED;

2. The parties' settlement agreement including the amount to be paid for attorneys' fees and costs, is approved as fair, adequate, and reasonable, and the parties shall perform the settlement agreement in accordance with its terms;

3. The court expressly retains jurisdiction over this action for purposes of enforcing the parties' settlement agreement;

4. This action is hereby dismissed, with prejudice; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 30, 2025**   _____
Dena Coggins
United States District Judge

7